## RENAUD SALES CO., Inc., v. DAVIS.

## DAVIS v. RENAUD SALES CO., Inc.
### Nos. 3425, 3426.

Circuit Court of Appeals, First Circuit.
June 13, 1939.

John H. Glaccum, of New York City (Arthur D. Thomson, of Boston, Mass., and Munn, Anderson & Liddy, of New York City, on the brief), for Renaud Sales Company, Inc.

John W. Walsh, of Boston, Mass., (Harry Ehrlich and David S. Grant, both of Boston, Mass., on the brief), for John H. Davis, etc.

Before WILSON, Circuit Judge, and PETERS and BREWSTER, District Judges.

BREWSTER, District Judge.

These are cross-appeals from a decree of the District Court dismissing the bill

of complaint. In this opinion the Renaud Sales Company, Inc., will be referred to as the plaintiff, and John H. Davis as defendant.

The District Court granted a temporary injunction upon condition that the plaintiff give a bond as ordered. A bond was given in the sum of $4,000 upon condition that "if the said Renaud Sales Co., Inc., is successful on the hearing on the merits and the said injunction is made permanent, this bond shall be null and void, but if it should turn out after the hearing on the merits that the temporary injunction about to issue ought not to have issued," the plaintiff would pay the defendant as liquidating damages the sum of $2,-000 and such further sum up to $4,000 as should be adequately proved to be the costs and damages of the defendant.

It appears from the record that in 1924 the defendant caused to be organized, under the laws of Massachusetts, a corporation with the corporate name of "Renaud et Cie of America". This corporation obtained the rights to sell and did sell in the United States the so-called Renaud perfumes and extensively advertised them, featuring "Renaud-Paris-1817". The corporation also registered as a trademark the word "Renaud" and represented that it had been in use since 1817. The word, in this and other countries, had come to symbolize perfume of high quality of French origin. By mesne conveyance the plaintiff secured the rights as successor to the business and goodwill of Renaud et Cie of America, including the right to use the trademark. The plaintiff also, by a new contract, procured the exclusive right to sell in the United States and other countries the Renaud perfumes.

The defendant was doing business under the name of Renaud et Cie, and the trial court held that it was unlawfully using the word "Renaud" and the words "Renaud-Paris-1817" in violation of plaintiff's rights, and was perpetrating a fraud upon the public.

The court held that the complaint should be dismissed because the plaintiff did not come into equity with clean hands. It concluded, nevertheless, that the temporary injunction was properly issued and that the defendant could not recover upon the bond.

The question raised by plaintiff's assignment of error is whether on the facts the complaint should have been dismissed. The issue presented by defendant's assignment is whether the District Judge properly denied recovery of the liquidated damages, as provided in the bond given by the plaintiff to the defendant.

First, as to the plaintiff's assignment: The court found that Renaud et Cie of America, as sole representative in the United States selling the products of Renaud-Paris-1817, S. A., had succeeded in establishing for Renaud perfumes a well-defined reputation. The essences were purchased in Paris in bulk and bottled in America with little or no change and sold at prices which would entitle the purchaser to high-grade perfume.

After the plaintiff had succeeded to the business, it began to put on the market Renaud perfumes at greatly reduced prices. This was made possible by re-mixing the essence obtained from France with suitable oils and alcohol, whereby a much greater volume was obtained with the same amount of floral essence. The trial court found that a comparison of the perfume sold by the plaintiff with that sold formerly by Renaud et Cie disclosed a marked difference, that the same trademark and labels were used as were used with respect to the old Renaud perfume, and in no way was the attention of the public called to the fact that there had been any change in the place of origin or the ownership of the concern manufacturing the perfume. Any member of the purchasing public buying the plaintiff's perfume with the markings appearing on the bottle and on the package would have no reason to suspect that the perfume bought was of a lower quality than the old Renaud perfume.

The trial judge further held and ruled that the conduct on the part of the plaintiff constituted a fraud upon the public which defeated its rights to equitable relief.

The numerous authorities, both in this country and in England, reviewed by Mr. Justice Shiras in the case of Clinton E. Worden & Co. v. California Fig Syrup Company, 187 U.S. 516, 23 S.Ct. 161, 47 L.Ed. 282, leave no doubt that the conclusion reached by Judge Sweeney was the correct conclusion.

The English case of Pidding v. How, 8 Simon, 477, and the case of Krauss v. Peebles' Sons Co., C.C., 58 F. 585, 594,

were both cases dealing with a new mixture sold under an old name without notice to the public of the change. In the latter case Mr. Justice Taft, as Circuit Judge, said: "To bottle such a mixture, and sell it under the trade label and caution notices above referred to, is a false representation, and a fraud upon. the purchasing public. A court of equity cannot protect property in a trade-mark thus fraudulently used."

In Clinton E. Worden & Co. v. California Fig Syrup Co., supra [187 U.S. 516, 23 S.Ct. 164], the court cited with approval the case of Prince Mfg. Co. v. Prince's Metallic Paint Co., 135 N.Y. 24, 31 N.E. 990, 17 L.R.A. 129, where the Court of Appeals of New York used the following language:

" 'Any material misrepresentation in a label or trade-mark as to the person by whom the article is manufactured, or as to the place where manufactured, or as to the materials composing it, or any other material false representation, deprives the party of the right to relief in equity. The courts do not, in such cases, take into consideration the attitude of the defendant. * * * And, although the false article is as good as the true one, "the privilege of deceiving the public, even for their own benefit, is not a legitimate subject of commerce." ' "

■ Respecting the defendant's assignments of error, we are unable to follow the District Judge in his ruling that the injunction was properly issued. As already appears, the theory upon which the courts have proceeded in denying equitable relief is that the trademark which the proprietor sought to protect has been used as a means of misrepresentation or fraud upon the public. Therefore, at the time the suit was brought, the plaintiff had no standing in equity to ask for an injunction against the defendant.

■ It is settled that the equitable maxim of unclean hands may be invoked even though the matter is not set up as a defense. Celluloid Mfg. Co. v. Read, C.C., 47. F. 712; Memphis Keeley Inst. v. Leslie E. Keeley Co., 6 Cir., 155 F. 964, 974, 16 L.R.A.,N.S., 921; Gynex Corp. v. Dilex Inst., 2 Cir., 85 F.2d 103.

The plaintiff was not refused relief because of any acts committed after the temporary injunction was issued.

■ Furthermore, it seems to be equally well settled on the authorities that a decree dismissing a bill in equity will be regarded as a judicial determination that the injunction should not have been granted. High on Injunctions, Vol. 2, page 1597; Mica Insulator Co. v. Commercial Mica Co., C.C., 157 F. 92; Robinson v. Fidelity & Deposit Co. of Md., 5 Cal.App.2d 241, 42 P.2d 653; Mitchell v. Sullivan, 30 Kan. 231, 1 P. 518.

■ It is to be noted that the bond was to become void only in the event that the plaintiff was successful in the hearing on the merits, and the injunction made permanent. That condition has not been met, and it would seem to inevitably follow that the bond had not become null and void.

And since the obligation is not void, we fail to discover any way of escaping the liability arising from the undertaking. The provisions for liquidated damages may, in the circumstances of the case, be somewhat harsh, but the appellate court cannot now intervene to relieve the plaintiff from the hardship. The interlocutory decree is not before us for review.

The final decree of the District Court is reversed, so far as it orders that the temporary injunction issued in the case was properly issued and that the bond, filed by the plaintiff, in support of the temporary injunction, be canceled and annulled. In all other respects the final decree is affirmed.