RENAUD, Inc., v. DAVIS.

No. 970 Civ.

District Court, D. Massachusetts.

Oct. 29, 1940.

Philip W. Jacobs and James J. Regan, both of Boston, Mass., for plaintiff.

No appearance filed for defendant.

FORD, District Judge.

This is a complaint based upon an alleged infringement of a trademark and upon a charge of unfair competition, and the plaintiff presents an application for a preliminary injunction to restrain the defendant from infringing its trademark.

Findings of Fact.

The plaintiff is the owner of the trademark, being the assignee of a former owner, to wit: Renaud Sales Company, Inc. There is no question about the fact that the defendant is and has been infringing the trademark of the plaintiff.

A similar suit between the plaintiff's assignor and the present defendant arose in this court involving the same issues as here. Judge Sweeney in that case (Renaud Sales Co. v. Davis, D.C., 22 F.Supp. 703) found the same trademark markings were used on the old Renaud perfume and he also found that in no way was the attention of the public called to the fact that there had been any change either in the place of origin or ownership of the concern manufacturing the perfume. Judge Sweeney found that this was a fraud upon the public and dismissed the suit when it was heard on the merits upon the ground that the plaintiff failed to come into court with clean hands.

I find the situation in the present case is more or less similar to that presented before Judge Sweeney, except that the plaintiff here has attempted to remedy conditions by adding in small letters on its advertising and on some of the packages containing the perfume, the words, "Made in U. S. A." There is considerable doubt

as to whether or not the public is not still being deceived concerning the quality of the perfume. In addition to this, it was plainly shown at the hearing that some of the plaintiff's perfume is still being sold in Boston, Massachusetts, under the same circumstances as obtained when the first hearing was held before Judge Sweeney. In other words, the old boxes and bottles of perfume have not been withdrawn from the market. Now, as then, the same trademark markings are used.

### Conclusions of Law.

In Renaud Sales Company, Inc., v. John H. Davis, 1 Cir., 104 F.2d 683, the court said, at page 685, that " * * * the theory upon which the courts have proceeded in denying equitable relief is that the trademark which the proprietor sought to protect has been used as a means of misrepresentation or fraud upon the public. Therefore, at the time the suit was brought, the plaintiff had no standing in equity to ask for an injunction * * *." See cases cited 104 F.2d at pages 684, 685.

It seems a pity that the defendant, who has not a leg to stand on, should be permitted to infringe the plaintiff's trademark with impunity, but it seems to me that it is incumbent upon the plaintiff to take definite and sufficient measures so that there would be no question as to its own perpetration of fraud upon the public. I do not believe it is clear here that that has been done, and under the doctrine of the cases cited in Renaud Sales Company, Inc., v. John H. Davis, supra, the motion for a preliminary injunction is denied.