**NORTHEAST AIRLINES, INC., Plaintiff,**

v.

**WORLD AIRWAYS, INC., Nationwide Charters and Conventions, Inc.,**

**and**

**Harold Low, Defendants.**

**Civ. A. No. 64-879.**

United States District Court
D. Massachusetts.

Dec. 21, 1964.

As Amended Dec. 23, 1964.

Laurence S. Fordham, Foley, Hoag & Eliot, Boston, Mass., for plaintiff.

Gael Mahony, Boston, Mass., for all defendants.

C. Keefe Hurley, Edward J. McCormack, Jr., Lawrence R. Cohen, Francis J. Larkin, Boston, Mass., Jerrold Scoutt, Jr., Washington, D. C., for defendant World Airways, Inc.

Gael Mahony, Ben G. Gilbert, Gilbert, Jerome & Gilbert, Boston, Mass., for defendants Nationwide Charters and Conventions, Inc. and Harold Low.

Jerrold Scoutt, Jr., Washington, D. C., for defendant Harold Low.

SWEENEY, Chief Judge.

The defendant Nationwide Charters and Conventions, hereinafter referred to as "Nationwide", is the authorized agent of the defendant World Airways, Inc., hereinafter referred to as "World", in soliciting sales of air transportation between Boston, New York, Philadelphia and Washington on the one hand, and Florida and the Hawaiian Islands on the other hand. The defendant Low owns all of the Nationwide stock.

World is entitled by a certificate to engage in charter-trip transportation so long as it or its agent complies with the provisions of that certificate referring to charter trips. Those provisions authorize charter-trip transportation where a plane or planes have been engaged on a time, mileage, or trip basis by a person for his own use or by a person (no part of whose business is the formation of groups * * * or the solicitation or sale of transportation services) for a group of persons.

From the affidavits and exhibits submitted at the hearing for a preliminary injunction, it appears that the defendant Nationwide is engaged in attempted sales to the general public of transportation over the designated routes and making an attempt to classify them into fraternal, sporting or social groups after the transportation is sold. It further appears that the personnel in charge of Nationwide's Office who have immediate contact with the public minimize the necessity for membership in the group that allegedly signed the charter agreement by telling the public that such membership is unnecessary. Through a combination with hotels and other incidental services, the defendants offer to the public transportation by a charter trip which is below tariff rates offered by the plaintiff and other scheduled airlines. In other words, World and its agent are promoting flights to Miami under the guise of "charter trips" which, in fact, are individually ticketed transportation beyond the scope of World's operating authority.

The effect on the plaintiff of such illegal conduct on the part of the defendants is to deprive it of otherwise potential passengers for its service and to cause a great loss of revenue incidental thereto.

In the interest of the plaintiff and other authorized common carriers, the defendants must be restrained from their illegal activities. Accordingly, an injunction, *pendente lite* may issue as prayed for in the complaint. As a condition precedent to the issuance and maintenance of the injunction, the plaintiff shall forthwith give security of $50,000 and on February 1, 1965 an additional $50,000 and March 1, 1965 an additional $50,000 and April 1, 1965 an additional $50,000,

all conditioned upon the payment of such costs and damages as may be incurred or suffered by any party who may be found to have been wrongfully enjoined or restrained.