**WORLD AIRWAYS, INC., Defendant, Appellant,**

v.

**NORTHEAST AIRLINES, INC., Plaintiff, Appellee.**

**NATIONWIDE CHARTERS AND CONVENTIONS, INC., et al.**

v.

**NORTHEAST AIRLINES, INC., Plaintiff, Appellee.**

**Nos. 6664, 6667.**

United States Court of Appeals First Circuit.

Heard March 4, 1966.

Decided March 30, 1966.

Earle C. Cooley, Boston, Mass., with whom C. Keefe Hurley, Boston, Mass., was on brief, for appellant in No. 6664.

Gael Mahony, Boston, Mass., with whom Henry S. Healy and Hill & Barlow, Boston, Mass., were on brief, for appellant in No. 6667.

Verne W. Vance, Jr., Boston, Mass., with whom Henry E. Foley, Laurence S. Fordham and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This action seeking, *inter alia*, an injunction, is again before us under 28 U.S.C. § 1292(a) (1), following proceedings in the district court granting the relief. On the earlier appeal, except to make some suggestions essentially about the form of the decree, we affirmed the decision of the district court granting a summary judgment enjoining defendants from conducting charter flights to Florida under a certain arrangement. World Airways, Inc. v. Northeast Airlines, Inc., 1 Cir., 1965, 349 F.2d 1007, cert. den. 382 U.S. 984, 86 S.Ct. 561, 15 L.Ed.2d 473. We did note one exception of substance, namely, that there lacked

sufficient basis for including in the injunction trips to Hawaii. As to this we stated that "Northeast must establish, and the court must find, facts establishing the interest of Northeast in the East Coast-Hawaii flights," and remanded "for findings with respect * * * [thereto]." In view of developments, this language was apparently unclear.

Following remand the court, perhaps guided by our reference to a lack of findings, construed our requirement that Northeast "establish * * * facts" as a mere obligation to persuade the court to make formal findings from the affidavits already of record, to the exclusion of anything new. On the basis of its new "findings," the court essentially reaffirmed the summary judgment.[1] This was a misconception. The affidavits of record were already before us on the prior appeal, whether the court had made any "findings" or not. Had they warranted a summary judgment, there would have been no occasion for a remand. "Findings of fact * * * are unnecessary on decisions of motions under Rules 12 and 56 * * *." F.R.Civ.P. 52(a). We remanded because, in our view, so far as Hawaii was concerned, the only type of findings the record presently warranted were not inescapable conclusions required for a summary judgment. Cf. Bragen v. Hudson County News Co., 3 Cir., 1960, 278 F.2d 615, 618. The fact that the affidavits were uncontradicted did not improve their content.

As was observed in the concurring opinion in Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, 23, cert. den. 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46, there is in a broad sense competition between all levels for the amusement dollar. In that sense Northeast's Florida route might be considered to be in competition with trips to any vacation spot on the globe. But "party in interest" requires competition of a demonstrably direct sort. Not only did we look with some skepticism at affidavits suggesting that the cost to fly 5000 miles was comparable to similar accommodations for 1500 miles, but we were not satisfied that opinion evidence to the effect that two such apparently different trips were in competition necessarily compelled that conclusion in the degree required for a summary judgment.[2]

It was further error to reject defendants' proferred affidavit. This affidavit pointed up some possible weaknesses that we already thought we perceived in the affidavits previously on file.

As an alternative ground for supporting the injunction plaintiff claims that it did not have to be a party in interest with respect to all the relief; that having shown itself to be affected in some particulars by defendants' wrongful conduct, it could seek, *pro bono publico*, relief in all aspects. Plaintiff overlooks that necessarily involved in our prior decision was a ruling to the contrary. We held then, and repeat now, that 49 U.S.C. § 1487(a) supplements the authority of the C.A.B. where there has been special injury. It does not make the injured party a public policeman.

Judgment will be entered remanding the action for further proceedings consistent herewith.

1. Since argument and, in fact, since this opinion was written, appellants have submitted a new decision of the CAB which may, particularly if it withstands review, have some bearing upon the continuation of the injunction in this case. We do not presently pass on this perhaps complicated matter, but refer all questions as to the injunction, present and future, that we have not expressly passed upon to the district court. We may observe, parenthetically, in this connection, that we think well of Northeast's suggestion of a qualifying phrase indicating that the forbidden aspect of the "similar agreements" referred to is that the wrong person is, or is in effect, the charterer of the aircraft.

2. Expert testimony that there is "competition" may, on the circumstances of the whole case, not even take a plaintiff to the jury. Cf. Naumkeag Theatres Co. v. New England Theatres, Inc., 1 Cir., 1965, 345 F.2d 910, 913, cert. den. 382 U.S. 906, 86 S.Ct. 241, 15 L.Ed.2d 158.