**NORTHEAST AIRLINES, INC.,** Plaintiff, Appellee,

v.

**NATIONWIDE CHARTERS AND CONVENTIONS, INC., et al., Defendants, Appellants.**

No. 7230.

United States Court of Appeals First Circuit.

June 11, 1969.

Rehearing Denied July 16, 1969.

Gael Mahony, Boston, Mass., with whom Joseph D. Steinfield and Hill & Barlow, Boston, Mass., were on brief, for appellants.

Laurence S. Fordham, Boston, Mass., with whom John G. S. Flym and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellee.

Before WOODBURY,* Senior Circuit Judge, McENTEE and COFFIN, Circuit Judges.

WOODBURY, Senior Circuit Judge.

This case comes here for the third time. The facts are fully stated in previous reported opinions of this court and of the district court cited hereinafter. For present purposes a brief history of the litigation will suffice.

Northeast Airlines, Inc., brought suit in the court below against World Airways, Inc., an authorized supplemental air carrier, its authorized sales agent, Nationwide Charters and Conventions, Inc., and Harold Low, its president, manager and sole stockholder, for an injunction to restrain the defendants from soliciting passengers for or operating charter flights in the East Coast-Florida market. The District Court, finding the charter operations of the defendants in violation of World's authority and hence illegal, entered a preliminary injunction in broad and specific terms restraining them from soliciting passengers for and operating charter flights not only between Boston, New York, Philadelphia and Washington on the one hand and Florida on the other, but also between the above mentioned cities and the Hawaiian Islands. Northeast Airlines, Inc. v. World Airways, Inc., 237 F.Supp. 383 (D.C.Mass.1964). The defendants appealed.

While this appeal was pending the District Court on the plaintiff's motion for summary judgment supported by affidavits and exhibits, filed a decision with findings of fact and conclusions of law on the basis of which it entered a final judgment, reported 239 F.Supp. 528 (D.C.Mass.1965), making its previous preliminary injunction permanent. The defendants again appealed.

These appeals were consolidated in this court which handed down a decision affirming in part and reversing in part. It affirmed the District Court insofar as its injunction applied to the defendants' operations in connection with flights between the cities named above and Florida but it found the District Court's injunc-

tion too broad and unnecessarily specific and directed its narrowing and modification. This court reversed and remanded for specific findings as to whether Northeast had sufficient interest to give it standing to complain of the defendants' charter flights to Hawaii. World Airways, Inc. v. Northeast Airlines, Inc., 349 F.2d 1007 (C.A. 1, 1965).

On this remand the District Court first modified its injunction to comply with the directions of this court and then, on the evidentiary materials already before it, found that Northeast had standing as a party in interest to complain of the defendants' Hawaii operations, largely because the price of its charter trips to those islands was comparable to the cost of vacation trips to Florida utilizing scheduled airlines and comparable accommodations. On these findings it affirmed its permanent injunction as modified. The defendants again appealed and this court again remanded to the District Court directing it to take additional evidence as to whether Northeast could qualify as a party in interest with respect to the defendants' Hawaii charter operations. 358 F.2d 691 (C.A. 1, 1966).

In conformity with this mandate the District Court conducted an extensive hearing as a result of which it made full findings of fact. On the basis of detailed specific findings the court found as an operative fact that Northeast was a party in interest as to the defendants' Hawaii operations basically because the bargain price of the defendants' charter rate, $399 for a 15-day trip to Hawaii with all expenses paid except meals, made Hawaii, with its similar climatic appeal, competitive with Florida as a winter vacation area for residents of New England and the Middle Atlantic States, 286 F.Supp. 362 (D.C.Mass.1968). It therefore entered judgment again making its previous injunction permanent as against Nationwide and Low[1] and directing that the plaintiff's security deposit be released and refunded to it. Nationwide and Low have taken this appeal.

This case was last before this court on appeal from a summary judgment entered on affidavits which this court did not find wholly convincing. It now comes up in quite different posture. Following remand the court below held a full hearing taking voluminous oral and written evidence on the basis of which it found facts in considerable detail which, of course, are not to be reversed by this court unless "clearly erroneous." An examination of the voluminous record discloses no such error.[2]

The appellants undertake to support their basic contention that there is no substantial evidence in the record to support the District Court's finding that Northeast is a "party in interest" with respect to their air charter tours to Hawaii by a detailed and rather complicated analysis of certain statistical data developed by Northeast's expert witnesses to show that the testimony of those witnesses is both inaccurate and deceptive. The thrust of the argument is directed at the credibility of the witnesses. It would therefore be more appropriate in the District Court. No purpose would be served by discussing the argument here.

It will suffice to say that whatever the errors may be in the statistics submitted by Northeast, the fact remains that there is substantial evidence from persons experienced in the travel agency business that under present travel conditions distance is a relatively minor consideration to tourists in the choice of a place for a winter vacation in comparison with price. And the testimony of these witnesses is not mere ultimate conclusions which are not only unsupported by but are contradictory to the subsidiary facts, see Naumkeag Theatres Co., Inc. v. New England Theatres, Inc., 345 F.2d 910, 913 (C.A. 1, 1965), cert. denied 382 U.S. 906,

---

1. After the second decision of this court World and Northeast agreed to a judgment removing World from the case.

2. This court stated the test to determine Northeast's standing to sue in its last prior opinion. We do not depart from that test and think the court below properly applied it.

86 S.Ct. 241, 15 L.Ed.2d 158, as the appellants argue. Their testimony was based on their years of experience in catering to the wants of tourists in the market for a winter vacation in a warm climate.

Of course, in a broad sense there is "competition between all levels for the amusement dollar" as this court pointed out in its opinion in the last previous appeal. World Airways, Inc. v. Northeast Airlines, Inc., 358 F.2d 691, 692 (C.A. 1, 1966). Perhaps some people would hesitate to decide between taking a winter vacation in a warm climate and buying a color television set. And in a somewhat narrower but still broad sense Northeast's Florida route might be considered "in competition" with trips to any vacation spot in the world offering a warm climate during our winter season such, for instance, as the south sea islands. But both Florida and Hawaii are within the United States and offer similar winter climate. To be sure one is 5,000 miles distant from northeastern United States and the other only 1,500 and they have somewhat different appeal to tourists. But comparable climate and particularly the same cost of the defendants' illegal charter flight trips and a Florida vacation of the same length with like hotel accommodations make the vacation spots comparable in spite of the difference in distance. Moreover there is ample and persuasive evidence that because Nationwide's Hawaii charter trips were so highly competitive in price with Northeast's Florida service there was strong probability that Nationwide's competition with Northeast would increase in the future.

We cannot say on the record considered as a whole that the District Court's finding that the defendants' illegal Hawaii program was in direct competition with Northeast's Florida flights during the 1964–1965 winter season is "clearly erroneous" within the meaning of Rule 52(a) Fed.R.Civ.P. From this it follows that Northeast is a "party in interest" entitled by 49 U.S.C. § 1487(a) to complain of the defendants' Hawaii activities.

We think the District Court erred, however, in ordering that the plaintiff's security deposit be released and refunded. The purpose of the security required by Rule 65(c) Fed.R.Civ.P. to be furnished to obtain a preliminary injunction is in the words of the Rule "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." And in the first decision of this court in this case it was held that the defendants had been wrongfully enjoined or restrained by the preliminary injunction and the first permanent injunction in that they were too broad in their scope. We think the defendants are entitled to an opportunity to proceed against Northeast or its security for whatever damages, if any, they may be able to establish that they suffered by reason of the overbreadth of the preliminary injunction.

The judgment of the District Court is affirmed except insofar as it orders that Northeast's security deposit be returned and refunded to it and the case is remanded to that court for further consistent proceedings.