**Sylvia SILVERS et al., Plaintiffs,**

**v.**

**TTC INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 2459.**

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 26, 1974.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Judgment was entered herein on December 17, 1971 that the substituted plaintiff-by-cross claim Mr. Gabriel S. Kaye recover of the defendants-by-cross claim Mrs. Sylvia Silvers, et al., and their surety the sum of $30,000, with interest and costs, and that the substituted plaintiff-by-counterclaim Mr. Kaye recover of the defendants-by-counterclaim Mrs. Silvers, et al. the sum of $50,000, with interest and costs. On appeal, the United States Court of Appeals for the Sixth Circuit sustained the judgment for $50,-000 in favor of the plaintiff-by-counterclaim Mr. Kaye against the aforenamed defendants-by-counterclaim. Silvers v. TTC Industries, Inc., C.A.6th (1973), 484 F.2d 194, 199. That Court also sustained the appellant's contentions that $5,000 of the aforementioned $30,000 judgment for the plaintiff-by-cross claim against the aforementioned surety was improper. *Ibid.*, 484 F.2d at 199 [6]. That Court further stated:

 \*  \*  \*  \*  \*  \*

\* \* \* Since there have been no findings of fact in the court's opinion delineating with clarity the basis, nor [sic: or] the extent, of damages actually suffered by appellee by reason of the wrongful suing out of the injunction by appellants, the cause is remanded to the court below for appropriate determination and findings on the issue of damages and liability therefor. \* \* \*

*Ibid.*, 484 F.2d at 199–200.

Upon remand, it was agreed by respective counsel for the parties that the amount of damages actually suffered by the plaintiff-by-cross claim by reason of the wrongful suing out by the defendants-by-cross claim of the injunction was " \* \* \* not to exceed the stated maximum of $25,000 \* \* \* ". Order herein of December 14, 1973. By memorandum and order of March 26, 1974 herein, the plaintiffs-appellants were ordered to show cause

\* \* \* why judgment should not be entered herein for the defendants-appellees TTC Industries, Inc. et al. and against the plaintiffs-appellants Sylvia Silvers, et al., and the surety on the aforementioned injunction bond, for $25,000 with interest thereon at the rate of six per cent per annum from December 1, 1969.

This action was thereafter assigned for trial on all issues remaining open on May 22, 1974. See order herein of April 17, 1974.

On April 26, 1974 the parties stipulated:

1. Suit was filed in Chancery Court for Unicoi County, Tennessee in the name of Sylvia Silvers, Charles Silvers, Jerome Silvers and Lawrence S. Rapport against TTC Industries etal [sic: et al.] on October 29, 1969, seeking a recision [sic: rescission] of a merger.

2. At that time, an injunction issued from the State Court prohibiting all officers of TTC Industries from interfering in the operation of the business of Armstrong Glass Company. An injunction bond in the amount of $5,000.00 was posted in the State Court for the issuance of said injunction.

3. On November 5, 1969, the cause was removed to the United States District Court for the Eastern District of Tennessee, Northeastern Division on petition of the defendants.

4. All officers and directors of Armstrong Glass Company were also officers and directors of TTC Industries, Inc., and Armstrong Glass Company was a wholly owned subsidiary of TTC Industries, Inc., and all officers of TTC Industries, Inc. had been enjoined from interfering with the operations of the business of Armstrong Glass Company.

5. The Court appointed a receiver to operate Armstrong Glass Com-

pany which appointment had the approval and consent of the defendants and at the same time ordered a new injunction bond posted in the amount of $25,000.

6. On December 1, 1969, an injunction bond in the amount of $25,-000.00 was posted with Jerome Silvers, Charles Silvers and Sylvia Silvers as principals and United States Fidelity and Guaranty Company as surety.

7. On December 2, 1969, the receiver filed his operations report number I, attached hereto as Exhibit 1. This report showed cash on hand as $8,535.10 and accounts receivable of $120,027.40 and accounts payable of $100,785.50.

8. On March 18, 1970, the receiver filed his operations report number VI attached hereto as Exhibit 2. This report showed cash on hand of $5,304.73 and accounts receivable of $67,387.33 and accounts payable of $131,263.00.

9. The receiver was paid compensation of $11,285.97 and the attorney was paid compensation of $1,812.50 out of the funds of Armstrong Glass Company.

10. On December 28, 1970, the suit of the plaintiffs was dismissed.

11. Thereafter a timely appeal was filed in the United States Court of Appeals for the Sixth Circuit and upon the record from the United States District Court for the Eastern District of Tennessee, Northeastern Division, and arguement [sic: argument] of counsel Judgment was entered to-wit:

"... the case is remanded to the District Court for appropriate determination and findings on the issue of damages and liability. It is further ordered that Defendants-Appellees recover from Plaintiffs-Appellants, the costs on appeal, as itemized below, ...."

At the hearing of May 22, the plaintiffs were allowed a period in which to file appropriate pleadings for relief from the judgment, and the matter was taken under advisement by the Court. TTC Industries, Inc. moved the Court on July 3, 1974 to enter judgment against Mrs. Sylvia Silvers, et al. and their surety on the injunction bond, for $25,000 with interest and to be granted execution for its afore-mentioned affirmed judgment of $50,000 and interest. The plaintiffs moved on July 9, 1974 for relief from such $50,000 judgment. Rules 60(b)(1), (6), Federal Rules of Civil Procedure.

There is no merit to the Silvers' application for relief from the $50,000 judgment. Rule 60(b)(1), (6), *supra*, empowers a district court to relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect, or (6) any other reason justifying relief from the operation of the judgment. The gravamen of the application is that the Court erred in finding factually that the defendants-by-cross claim breached a certain warranty of a reorganization plan and agreement, requiring them to disclose to the plaintiffs-by-cross claim that there existed " * * * actions, suits or proceedings pending, or in the knowledge of Armstrong or the Transferors [the Silvers], threatened against Armstrong in any court * * * ".

The Silvers interests claim that, when such agreement was executed on January 14, 1969, there were no proceedings pending or threatened against Armstrong Glass Company, Inc. (Armstrong); that civil action no. 2247, this district and division, against Armstrong was not commenced until February 7, 1969. The record therein demonstrates, however, that Armstrong had entered into a consent injunctive decree in this Court therein on October 9, 1968 not to continue the infringement of a patent belonging to American St. Gobain Company, Inc. The evidence therein reflected further that such infringement continued uninterrupted past January 14, 1969 and until at least February 9, 1969, when a petition for citation for contempt

of the consent decree was filed. The evidence was undisputed further that during this entire period of time Armstrong's management was in the hands of the Silvers' interests, who, it may be inferred reasonably, were aware that the infringement was continuing and that threat of enforcement of the decree was present on January 14, 1969.

■■ It is only in exceptional or extraordinary circumstances that district courts will grant the relief contemplated by Rule 60(b)(6), *supra*. Ackermann v. United States (1950), 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207, 212 (headnote 3); Klapprott v. United States (1949), 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266, 276 (headnote 5); John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., C.A.3d (1956), 239 F.2d 815, 817 [5]. Had this Court been presented in due course of the litigation with the specific issue of whether, under the circumstances related, the Silvers' interests knew that an action, suit or proceeding was "a threat", it would have been determined that they did.

Pretermitting all other considerations, for such reasons the motion for relief from the $50,000 judgment hereby is

Denied.

Obediently to the judgment herein of September 10, 1973 of the Court of Appeals for the Sixth Circuit, issued as a mandate on November 29, 1973, this Court makes the following appropriate determination and findings on the issue of damages and liability as to the claim of the plaintiff-by-cross claim herein:

1. Suit was filed in Chancery Court for Unicoi County, Tennessee in the name of Sylvia Silvers, Charles Silvers, Jerome Silvers and Lawrence S. Rapport against TTC Industries, et al. (TTC) on October 29, 1969, seeking the rescission of a merger agreement between TTC and Armstrong.

2. A preliminary injunction was issued by the Chancery Court of Unicoi County, Tennessee on October 29, 1969, on the application of Sylvia Silvers, Charles Silvers, Jerome Silvers and Lawrence S. Rapport, which enjoined all officers of TTC from interfering with the operation of the business of Armstrong, at a time when all officers and directors of Armstrong were officers and directors also of TTC and when Armstrong was a wholly-owned subsidiary of TTC, and such plaintiffs posted an injunction bond in the principal amount of $5,000 to indemnify TTC, et al. For any damages they might sustain from the wrongful issuance of such injunction.

3. This action was removed from such state court to this Court on November 5, 1969.

4. This Court ordered an increase to $25,000 of such bond, and on December 1, 1969, an injunction bond in the principal amount of $25,000 was posted with Jerome Silvers, Charles Silvers and Sylvia Silvers as principals and United States Fidelity & Guaranty Company as surety thereon, the undertaking thereof being that such principals and surety would indemnify TTC, et al. for any damages they might sustain from the wrongful issuance of such injunction.

5. To protect the assets and continuity of operations of Armstrong *pendente lite*, this Court on November 18, 1969, in the light of the prohibitions of the injunction, appointed a receiver to operate Armstrong. At this time, Armstrong was a viable operation and progressing.

6. The receiver reported on December 2, 1969 that Armstrong had cash on hand of $8,535.10, had accounts receivable of $120,027.40, and owed in accounts payable the sum of $100,785.50.

7. As of March 18, 1970, the receiver reported that Armstrong had cash on hand of $5,304.73, had accounts receivable of $67,387.33, and owed in accounts payable the sum of $131,263.

8. The receiver concluded that Armstrong, to sustain itself, required an input of funds or the establishment of a source of credit. Neither funds nor credit were acquired.

9. Because of the prohibitions of the injunction and the necessity of a receivership the credit of both Armstrong and its parent company, TTC, was impaired and threatened.

10. The receivership was ultimately terminated, after the receiver and his attorney had earned and been paid aggregate fees from Armstrong's assets of $13,098.47.

11. As a direct result of such injunction and receivership, Allied Bank International terminated its credit and facilities to TTC.

12. Armstrong was forced into bankruptcy, and TTC lost this asset.

13. The action of the plaintiffs herein was dismissed by this Court on December 28, 1970.

14. TTC sustained damages of $25,000 from the wrongful issuance of the aforementioned injunction.

15. Interest on the damages of TTC commenced to accrue on December 1, 1969.

From such facts, this Court concludes that the plaintiff-by-cross claim is entitled to recover payment of $25,000 as " * * * costs and damages as [were] incurred or suffered * * * " by it when it was " * * * wrongfully enjoined * * * ". Rule 65(c), Federal Rules of Civil Procedure; N. E. Airlines v. Nationwide Charters and Conventions, Inc., C.A.1st (1969), 413 F. 2d 335, 338[2]. For the purpose of establishing liability on this injunction bond, this Court's judgment of December 28, 1970, dismissing the defendants-by-cross claim's bill in equity, constituted a judicial determination that the injunction herein should not have been granted. Atomic Oil Co. of Oklahoma, Inc. v. Bardahl Oil Company, C.A.10th (1969), 419 F.2d 1097, 1102[6], citing Renaud Sales Co. v. Davis, C.C.A.1st (1939), 104 F.2d 683 (see at 685[4]).

Judgment will enter that the plaintiff-by-cross claim Gabriel S. Kaye recover of the defendant-by-cross claim Sylvia Silvers, Jerome Silvers, Charles Silvers,

and their surety United States Fidelity & Guaranty Company, the sum of twenty-five thousand dollars ($25,000) and a further amount as interest to be computed by the clerk at the rate of six per cent (6%) thereon from December 1, 1969 to the date of such judgment. Rule 58(1), Federal Rules of Civil Procedure.