**KELLOGG USA, INC., et al., Plaintiffs**

**v.**

**B. FERNANDEZ HERMANOS, INC., et al., Defendants.**

**Civil No. 07–1213 (FAB).**

United States District Court, D. Puerto Rico.

Sept. 27, 2007.

---

52

Ricardo F. Casellas, Heriberto J. Burgos–Perez, Manuel A. Pietrantoni, Casellas, Alcover & Burgos PSC, San Juan, PR, for Plaintiffs.

Alfredo Fernandez–Martinez, Delgado & Fernandez, Hilda L. Quinones–Rivera, Adsuar Muniz Goyco Seda & Perez–Ochoa, PSC, Roberto Lefranc–Morales, Martinez Alvarez, Menendez Cortada & Lefranc Romero PSC, San Juan, PR, for Defendants.

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Pending before the Court is plaintiffs' motion to dismiss the counterclaim for lack of jurisdiction (Docket No. 14). For the

reasons discussed below, the Court **DE-NIES** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This controversy began when the defendants, B. Fernandez Hermanos, Inc. ("BFH"), and Caribbean Warehouse Logistics, Inc. ("CWL"), filed a complaint under Puerto Rico's Law 75, seeking that the Court enjoin Kellogg USA, Inc. ("KUSA"), from terminating their exclusive rights to distribute KUSA's products within Puerto Rico (Civil No. 05–1030 (JP), Docket No. 1). In that first complaint, following an eight-day hearing, the Court through U.S. Senior District Judge Jaime Pieras, Jr. issued a preliminary injunction ordering that KUSA continue distributing its products through the BFH and CWL (Civil No. 05–1030 (JP), Docket No. 133). Also in that case, Kellogg Caribbean Services Company, Inc. ("KCSC"), KUSA's affiliate in Puerto Rico, attempted to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) (Civil No. 05–1030 (JP), Docket No. 48). The Court denied their request (Civil No. 05–1030 (JP), Docket No. 99). KCSC promptly appealed from the Court's decision denying its intervention (Civil No. 05–1030 (JP), Docket No. 116) and KUSA appealed from the entry of the preliminary injunction (Civil No. 05–1030 (JP), Docket Nos. 134 & 135).

On appeal, the U.S. Court of Appeals for the First Circuit reversed both the denial of the motion to intervene and the preliminary injunction, after finding that KCSC was an indispensable party because the injunction directly affected its interests. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541 (1st Cir.2006). On remand, the District Court dismissed the complaint because, with KCSC's intervention in the case, there was no longer complete diversity between the parties (Civil No. 05–1030 (JP), Docket No. 190). BFH and CWL appealed from the dismiss-al (Docket No. 192). The appeal is still pending.

On March 15, 2007, KUSA and KCSC filed this complaint, seeking to execute, pursuant to 28 U.S.C. § 1352, the bond BFH and CWL posted in relation with the preliminary injunction issued in the previous case (Docket No. 1). On April 4, 2007, BFH and CWL answered the complaint and filed a counterclaim alleging the same claims which raised in the previous complaint (Docket No. 8).

## DISCUSSION

### A. *Motion to Dismiss Standard*

■ Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED,* 12 F.Supp.2d 243, 245 (D.P.R.1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.,* 270 F.Supp.2d 217 (D.P.R.2003).

When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir.1994).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as

Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000) (*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1) dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

### B. *Plaintiffs' Motion to Dismiss the Counterclaim*

■ When considering supplemental jurisdiction, the nature of the counterclaim is crucial. Federal Rule of Civil Procedure 13 describes two types of counterclaims: compulsory and permissive. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). All counterclaims that are not compulsory are permissive. *See* Fed. R.Civ.P. 13(b). Only compulsory counterclaims can rely upon supplemental jurisdiction; permissive counterclaims require their own jurisdictional basis.

*Iglesias v. Mutual Life Ins. Co. Of New York,* 156 F.3d 237, 241 (1st Cir.1998). Because permissive counterclaims "do not fall within ancillary jurisdiction," they "may not be heard in federal court unless supported by an independent basis of jurisdiction." *Id.* (*citing McCaffrey v. Rex Motor Transp., Inc.,* 672 F.2d 246, 248 (1st Cir.1982)).

■ There are four tests which are applied to determine whether a counterclaim is compulsory or permissive:

1. Are the issues of fact and law raised by the claim and counterclaim largely the same?

2. Would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3. Will *substantially* the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4. Is there any logical relation between the claim and the counterclaim?

*McCaffrey,* 672 F.2d at 248 (*quoting* 6 Wright & Miller, *Federal Practice and Procedure* § 1420, at 42 (1971)).

Under the first test, BFH and CWL's counterclaims seem to be permissive. The issues raised by claim and counterclaim seem to be different because the claim is about recovering damages against a bond after a preliminary injunction was wrongly issued, and the issue in the counterclaim is whether KUSA and KCSC can alter their relationship with BFH and CWL without just cause.

■ Under the remaining tests, however, the Court finds that the counterclaim is compulsory. Under the second test, BFH and CWL could be barred from raising their claims in a subsequent lawsuit insofar as a determination of whether or not the injunction was improper necessarily involves an analysis of defendants' counterclaim. Under First Circuit precedent, before the plaintiffs may collect on the bond, there must be a finding that they were "wrongfully enjoined." A "party is wrongfully enjoined when it had a right all along to do what it was enjoined from doing." *Global Naps, Inc. v. Verizon New England, Inc.,* 489 F.3d 13, 22 (1st Cir. 2007). As the Court interprets *Global Naps,* this would require a finding, not just that the injunction was "wrongful" because an indispensable party was not allowed to protect its interests during the injunction

hearings, but because it requires a finding that in fact BFH and CWL's claims against KUSA and KCSC lack merit. KUSA and KCSC would have right to distribute their products through outlets other than BFH and CWL only if they had a right to terminate the distribution agreement without just cause. This is exactly the issue subject of the counterclaim.

Under the third test, to prove their entitlement to the bond, KUSA and KCSC would have to present evidence, not merely of the damages they suffered (if any) due to the wrongful injunction, but also evidence that they had a right to terminate BFH and CWL's distribution agreement without just cause. This evidence would also have to be presented to refute defendants' counterclaims regarding termination of the distribution agreement.

And finally, under the fourth test, it is clear that there is a logical relation between the claim pursuant to the bond and the counterclaim pursuant to Law 75. In order to render a decision on the bond claim, the issues raised by the counterclaim must first be resolved. The failure or success of the bond claim depends entirely on the prior determination of the counterclaim involving Law 75. Therefore, the Court can only conclude that the counterclaim is compulsory and must deny plaintiffs' request for its dismissal for lack of jurisdiction.

Plaintiffs next argue that if the Court finds, as it does, that the counterclaim is compulsory, that it either dismiss it pursuant to Fed.R.Civ.P. 13(a)(1) or abstain from deciding the counterclaim pursuant to *Colorado River*[1] because of a prior-filed action over the same subject matter. Plaintiffs refer to an action they filed in the state courts of Michigan where they are seeking declaratory judgment that un-

der a Michigan choice of law clause governing the distribution agreement between the parties, the business relationship can be terminated without just cause and that the agreement is non-exclusive.

■ The Court has been informed, however, that the Michigan court has stayed its proceedings pending resolution of this case as well as the pending appeals (Docket Nos. 30, 38). The Court is also on notice that the Michigan court has also expressed doubts as to whether it can exercise personal jurisdiction over the defendants. *Id.*

Because the case filed in the Michigan state court has been stayed pending resolution of this case, and because the jurisdiction of that court to hear the case is questionable, the Court finds no reason either to dismiss or abstain from entertaining defendants' counterclaim. Moreover, due to the interrelation between the claim and counterclaim, it is preferable for the issues raised to be decided in the same forum as to avoid the possibility of inconsistent decisions.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion to dismiss the counterclaim.

IT IS SO ORDERED.

---

1. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47

L.Ed.2d 483 (1976).