KELLOGG USA, INC., et al., Plaintiffs,

v.

B. FERNANDEZ HERMANOS, INC., et al., Defendants.

Civil No. 07–1213 (FAB).

United States District Court, D. Puerto Rico.

Dec. 14, 2007.

Ricardo F. Casellas, Heriberto J. Burgos–Perez, Manuel A. Pietrantoni, Casellas, Alcover & Burgos PSC, San Juan, PR, for Plaintiffs.

Alfredo Fernandez–Martinez, Delgado & Fernandez, Hilda L. Quinones–Rivera, Adsuar Muniz Goyco Seda & Perez–Ochoa, PSC, Roberto Lefranc–Morales, Martinez Alvarez, Menendez Cortada & Lefranc Romero PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On October 9, 2007, plaintiffs Kellogg USA, Inc. ("KUSA"), and its Puerto Rico affiliate, Kellogg Caribbean Services Co., Inc. ("KCSI"), filed a motion requesting, in the alternative, that the Court certify for immediate interlocutory appeal (Docket No. 51), two issues if the Court were to deny plaintiffs' motion for reconsideration (Docket No. 50). The Court did deny plaintiffs' motion for reconsideration (Docket No. 72). Defendants B. Fernandez & Hnos., Inc. ("BFH") and Caribbean Warehouse Logistics, Inc. ("CWL") op-

posed plaintiffs' motion for certification. (Docket No. 66). For the reasons discussed below, plaintiffs motion for certification (Docket No. 51) is **DENIED.**

## DISCUSSION

■ Under 28 U.S.C. § 1292(b), a district judge may certify an order for interlocutory appeal where the order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly, [however], and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Palandjian v. Pahlavi,* 782 F.2d 313, 314 (1st Cir.1986) (quoting *McGillicuddy v. Clements,* 746 F.2d 76, n. 1 (1st Cir.1984)) (citing *In re Heddendorf,* 263 F.2d 887, 888–89 (1st Cir.1959)).

■ Normally, interlocutory appeals from a denial of a motion to dismiss are not allowed. *See, e.g., Caraballo–Seda v. Municipality of Hormigueros,* 395 F.3d 7, 9 (1st Cir.2005). It does not matter that "appreciable trial time may be saved," nor does it matter that the case has "tremendous implications." *Id.* (citing *Palandjian,* 782 F.2d at 314 and *Slade v. Shearson, Hammill & Co., Inc.,* 517 F.2d 398, 400 (2d Cir.1974)). This case is not outside of that norm.

■ Plaintiffs request certification of two questions: (1) whether BFH and CWL's counterclaim is permissive and must be dismissed because it does not arise out of the same transaction or occurrence as the complaint; and (2) whether the First Circuit's decision in *Global Naps, Inc. v. Verizon New England, Inc.,* 489 F.3d 13 (1st Cir.2007) changes the state of the law in the First Circuit's *Northeast Airlines v. Nationwide Charters and Conventions, Inc.,* 413 F.2d 335 (1st Cir.1969) decision. (Docket No. 51, p. 2.) As the Court stated in its decision denying plaintiffs' motion for reconsideration of its motion to dismiss defendants' counterclaim, these two questions are intrinsically linked and depend upon the Court's understanding of the First Circuit's holding in *Global Naps.*[1] (Docket No. 72, p. 2–3.) Relying upon *Global Naps,* this Court held that for plaintiffs to recover on the bond under Rule P. 65(c), they must show that the BFH's and CWL's Law 75 claims lack merit. (Docket No. 46, p. 6.) Plaintiffs assert that this Court misinterpreted *Global Naps* as overruling prior First Circuit precedent in *Northeast Airlines,* which plaintiffs interpret to allow recovery on an injunction bond under the wrongfully enjoined standard for "a procedural reason unrelated to the merits of the claims."[2] (Docket No. 51, p. 5.) While it may be argued that plaintiffs' contention involves a controlling question of law, and that an immediate appeal may materially advance the ultimate termination of the litigation, it cannot be argued, and the court does *not*

---

1. For a full explanation of the Court's reasoning see the Memorandum and Order of September 27, 2007, 553 F.Supp.2d 51, 2007 WL 5180890. (Docket No. 46)

2. Defendants disagree with the plaintiffs (naturally), and posit that the First Circuit in *Northeast Airlines* made a decision on the merits when it ruled that a district judge

committed an abuse of discretion by granting an overly broad injunction. (Docket No. 66, p. 8.) This Court need not put its own polish on the *Northeast Airlines* decision because it finds *Global Naps* to stand clearly for the proposition that a decision on the merits of an underlying claim is necessary before Rule 65(c) security may be released, as is discussed below.

find, that there is a substantial ground for difference of opinion on the issue.

In *Global Naps* the First Circuit expressly adopted "the majority position," holding that "a party is wrongfully enjoined when it had a right all along to do what it was enjoined from doing." *Global Naps*, 489 F.3d 13, 22. The First Circuit based its finding in *Global Naps* that the respondent was wrongfully enjoined on an earlier decision based on the merits of the case. *Id.* at 23. Moreover, when the First Circuit adopted the "majority position" it cited to *Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.*, 460 F.3d 1047, 1059 (8th Cir.2006), *Nintendo of America v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir.1994) and *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir.1990). This precedent removes any doubt that the plaintiffs may have regarding the scope of the holding in *Global Naps. Blumenthal,* the first of the circuit courts to adopt the "wrongfulness inquiry" standard, was explicit as to the need for a decision on the merits when the court inquired as to whether the issuance of an injunction was wrong. *Blumenthal,* 910 F.2d 1049, 1054–55 ("The focus of the 'wrongfulness' inquiry is whether, in hindsight, in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance.") Accordingly, the Court finds that there is not a substantial ground for disagreement as to a controlling question of law in this case.

## CONCLUSION

For the foregoing reasons, plaintiffs' alternative motion requesting certification for interlocutory appeal is **DENIED.**

**IT IS SO ORDERED.**